L. Bishop Austin (SBN 175497)
L. Bishop Austin & Associates
3250 Wilshire Blvd., Ste 1500
Los Angeles, CA 90010
Telephone (213) 388-4939
Facsimile (213) 388-2411

Attorney for Debtors/Movants
JOSE BLAS VENTURA AND MARITZA DEL CARMEN VENTURA

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| *IN RE* | Chapter 13 |
| JOSE BLAS VENTURA AND MARITZA DEL CARMEN VENTURA | Case No. 2:10-BK-24850-EC |
| Debtors | |
| | **DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIENS PURSUANT TO 11 U.S.C. §506(a)** |
| JOSE BLAS VENTURA AND MARITZA DEL CARMEN VENTURA | |
| Plaintiffs | |
| v. | |
| **CHASE AKA CHASE HOME FINANCE,** its assignees and/or successors in interests | |
| Defendant(s) | |

Debtors JOSE BLAS VENTURA AND MARITZA DEL CARMEN VENTURA

("Debtors") herein bring this adversary complaint to determine the nature and extent of liens that

appear to be secured by Debtors' residence, but which are completely unsecured, pursuant to 11

U.S.C. §506(a).

## JURISDICTION

1.      Debtors filed a Chapter 13 case in the above-entitled court on April 17, 2010.  As such, this Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §1334(a), which provides that the District Court shall have original and exclusive jurisdiction of all cases and proceedings under Title 11 28 U.S.C. §157(a), which in turn authorizes the District Courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district.  Additionally, General Order No. 266, as amended from time to time, may transfer all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H).  Debtor waives a trial by jury.

## STATEMENT OF FACTS

2.      Debtors JOSE BLAS VENTURA AND MARITZA DEL CARMEN VENTURA ("Debtors" or "Plaintiffs") is the owner of record, or have an equitable ownership in the real property commonly known as 1725 E. Almanac Drive, West Covina, CA 91791, APN 8740-020-014 ("the subject property").

3.      The value of the property, as shown on Debtors' schedules filed under oath is $275,000.00. Defendant CHASE HOME FINANCE ("Defendant") holds a second lien on the property with a loan number 0918325351, which is evidenced by the recorded Deed of Trust, which purports to encumber the subject property.

4.      The recorded instrument reflecting Defendant's Lien was recorded on November 20, 2007, in Los Angeles County.

5.      Debtor attach a true and correct copy of the following documents to support the above facts: Exhibit A: BAC Home Loan Servicing , 1ST Deed of Trust, mortgage statement dated 12/31/2009, Exhibit B: CHASE HOME FINANCE "Defendant", 2nd Deed of Trust, most current monthly mortgage statement dated 11/11/2009, Exhibit C: Appraisal report, Exhibit D: Chapter 13 Plan, and Exhibit E: Schedule A.

6.      Debtors allege that Defendant's purported "lien" is fully unsecured in that the lien having priority over that of Defendant's amount is more than the value of the property at the time

**DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIEN
PURSUANT TO 11 U.S.C. §506(a)**

of the commencement of the case.

7.  11 U.S.C. §506 reads, in pertinent part as follows:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim.

Such value shall be determined in light of the purpose of the valuation and the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(b) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such a lien is void"

11 U.S.C. §506.

8.  Further, Debtors allege that for the purpose of 11 U.S.C. §506, the appropriate date of valuation is the date of the commencement of this case while the purpose of valuation is to determine if, upon immediate liquidation at the time of the commencement of the case, there would be any equity in the property such that Defendant would be able to recover any money upon its lien.

9.  The liens on this property, in order of priority, are as follows:

| Lienholder | Amount Due |
|---|---|
| FIRST DEED OF TRUST<br>BAC HOME LOANS SERVICING<br>PO BOX 5170<br>SIMI VALLEY, CA 93062 | $365,984.77, based on amounts on Creditor's mortgage statement dated on 10/29/2009.<br>Exhibit A. |
| SECOND DEED OF TRUST /DEFENDANT | $91,943.07, based on amounts in |

**DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIEN
PURSUANT TO 11 U.S.C. §506(a)**

| CHASE HOME FINANCE | Creditor's most current monthly |
| PO BOX 24696 | mortgage statement dated |
| COLUMBUS, OH 43224 | October 14, 2009. |
| | Exhibit B. |

10.    Debtors allege that Defendant's lien is completely unsecured and that pursuant to 11 U.S.C. §1322(b)(2), Debtors Chapter 13 Plan may modify the rights of holders of unsecured and secured claims with one exception, i.e., that a debtor cannot modify a claim that is secured by a security interest in the principal residence of the debtor.  Since Defendant's claim herein is not so secured, Defendant's claim may be modified by the Chapter 13 Plan, and therefore treated as an unsecured claim.

11.    Upon confirmation of Debtors' Chapter 13 Plan, Defendant shall be required to release the lien and the Order of Confirmation may contain language removing such lien.

12.    Bankrupt Code §506(a) is a provision of general applicability in cases under Chapter 7, 11, 12, and 13 of the Code. *Matter of Nobleman* (1992) 968 F.2d 483, 485.  §506(a) bifurcates claims into secured and unsecured components.  A claim is secured to the extent of the value of the collateral.  Any claim by a creditor above the value of the collateral is treated as an unsecured claim. *Matter of Glenn* (1986) 796 F.2d 1144, 1147.

13.    The interplay between §§1322(b)(2) and 506(a) has previously created controversy.  One disputed issue in the courts was whether a debtor can modify the rights of a holder of an under-secured home mortgage.  The Supreme Court resolved the issue in *Nobleman v. American Savings Bank* (1993) 11 S.Ct. 2106.  The *Nobleman* court held that debtors could not modify the bank's rights under its secured claim except that modification applied to both the secured and unsecured components of a secured creditor's claim.  The court interpreted "holders of a secured claim" as an initial requirement that a creditor must satisfy to gain protections under §1322(b)(2).  In order o determine whether a creditor is holder of a secured claim, the Supreme Court referred to §506(a).

**DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIEN**
**PURSUANT TO 11 U.S.C. §506(a)**

14.     The facts in this Chapter 13 case differ from those of *Nobleman* in that the bank in Nobleman had a partially secured claim whereas Defendant here has no part of its claim as secured.

15.     The public policies behind §1322(b)(2) support Plaintiffs' position.  The legislative history indicates that Congress intended to distinguish between secured and unsecured claims, rather than between secured and unsecured creditors.  In re *Hornes* (1993) 160 B.R. 709, 718.  The position urged by Plaintiffs is the law in the 9th Circuit by virtue of the ruling in In re *Lam* 211 B.R. 36.

16.     The provisions of 11 U.S.C. §349(b)(1)(C) provides that any lien voided under §506 is reinstated.  Since the lien is "reinstated" after having been voided, Plaintiffs herein allege that, upon confirmation of their Chapter 13 Plan, or judgment in this adversary complaint, the lien is to be voided forthwith, and not voided upon completion of the Chapter 13 plan.  A different interpretation would make the reference to "reinstated" to be of no legal force or effect.

## PRAYER

17.     WHEREFORE, Plaintiffs pray this Court enter the following orders and make the following findings:

A.     That the lien of Defendant, as described above, be determined to be completely unsecured and void, and that said purported lien is not a lien on Debtors' real property as described above;

B.     That Defendants be ordered to reconvey any Deed of Trust, to file an appropriate Acknowledgement of Satisfaction of Judgment or Release of Judgment Lien on said property, or otherwise take such steps as are required to clear title, free of said lien, as to the above-described property; and

C.     If this Complaint be contested and Plaintiffs prevail, then Plaintiff shall have such attorney fees as this Court may award, provided that the document evidencing Defendant's purported liens, or any note or obligation which such purported lien is to secure has a provision therein awarding or allowing attorney fees for the enforcement of the purported lien

**DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIEN
PURSUANT TO 11 U.S.C. §506(a)**

1  or the enforcement of the obligation the purported lien is to secure.

2

3

4  Dated:  April 27, 2010                    Respectfully Submitted,

5

6

7                                            L. Bishop Austin (SBN 175497)

8                                            Attorney for Debtors,
                                             JOSE BLAS VENTURA AND MARITZA DEL
9                                            CARMEN VENTURA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 6 –
**DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIEN
PURSUANT TO 11 U.S.C. §506(a)**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(For Court Use Only) |
|---|---|

| PLAINTIFFS<br>Jose Blas Ventura and Maritza Del Carmen Ventura<br>1725 E. Almanac Drive<br>West Covina, CA 91791 | DEFENDANTS<br>Chase AKA Chase Home Finance, its assignees and/or<br>successors in interests |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>L. Bishop Austin (SBN 175497)<br>L. Bishop Austin & Associates<br>3250 Wilshire Blvd., Ste 1500<br>Los Angeles, CA 90010<br>Telephone (213) 388-4939 Facsimile (213) 388-2411 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
**DEBTORS' COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIENS PURSUANT TO 11 U.S.C. §506(a)**

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[X] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses,
    false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary,
    embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[X] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state
    court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTORS<br>Jose Blas Ventura and Maritza Del Carmen Ventura | | BANKRUPTCY CASE NO.<br>2:10-bk-24850-EC |
| DISTRICT IN WHICH CASE IS PENDING<br>**Central District of California** | DIVISION OFFICE<br>**Los Angeles** | NAME OF JUDGE<br>**Ellen Carroll** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>April 28, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**L. Bishop Austin** | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone and Fax Number, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **L. Bishop Austin (SBN 175497)**<br>**L. Bishop Austin & Associates**<br>**3250 Wilshire Blvd., Suite 1500**<br>**Los Angeles, CA 90010**<br>**(213) 388-4939 Fax: (213) 388-2411**<br><br>California State Bar Number:<br><br>*Attorney for Plaintiffs* | |

<table>
<tr>
<td colspan="2" align="center"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</b></td>
</tr>
<tr>
<td>In re:<br><br>JOSE BLAS VENTURA AND MARITZA DEL CARMEN<br>VENTURA<br><br><br><br> Debtor. </td>
<td>CHAPTER ___<b>13</b>___<br><br>CASE NUMBER 2:10-BK-24850-EC<br><br><br>ADVERSARY NUMBER</td>
</tr>
<tr>
<td>JOSE BLAS VENTURA AND MARITZA DEL CARMEN<br>VENTURA<br> Plaintiff(s), vs. <br> Defendant(s). </td>
<td><i>(The Boxes and Blank Lines below are for the Court's<br>Use Only)(Do Not Fill Them In)</i><br><br><b>SUMMONS AND NOTICE<br>OF STATUS CONFERENCE</b></td>
</tr>
</table>

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☐ **255 East Temple Street, Los Angeles** | | ☐ **411 West Fourth Street, Santa Ana** | |
| ☐ **21041 Burbank Boulevard, Woodland Hills** | | ☐ **1415 State Street, Santa Barbara** | |
| ☐ **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

February 2010 (COA-SA)

**F 7004-1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

Summons and Notice of Status Conference - *Page 2*                **F 7004-1**

| In re | | |
|---|---|---|
| **Ventura, Jose Blas, and Maritza Del Carmen** | | CASE NO: 2:10-bk-24850-EC |
| | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3250 Wilshire Blvd., Ste 1500, Los Angeles, CA 90010

A true and correct copy of the foregoing document described as   **Summons and Notice of Status Conference, Scheduling Order, and a Copy of the Adversary Complaint**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

__**April**_____ **, 2010** _____     _____
*Date*                    *Type Name*                          *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

February 2010 (COA-SA)                                          **F 7004-1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

Summons and Notice of Status Conference - *Page 2*                    **F 7004-1**

| In re | | |
|---|---|---|
| **Ventura, Jose Blas, and Maritza Del Carmen** | Debtor(s). | CASE NO: 2:10-bk-24850-EC |

Debtors
Jose B Ventura and Maritza C. Ventura
1725 E. Almanac Drive
West Covina, CA 91791

Attorney for Movant
L. Bishop Austin (SBN 175497)
L. Bishop Austin & Associates
3250 Wilshire Blvd., Ste 1500
Los Angeles, CA 90010

1st Mortgage (BAC Home Loans Servicing, LP)
C/O Agent for service of process
 Corporation Service Company
CSC- Lawyers Incorporating Service
2730 Gateway Oaks Dr ste 100
Sacramento, CA 95833

BAC Home Loans Servicing, L.P.
1665 Scenic Ave Ste 200
Costa Mesa, CA 92626

Bank of America, N.A. successor by merger to Count
c/o BAC Home Loans Servicing, LP
1757 Tapo Canyon Road
Mail Stop: CA6-913-LB-11
Simi Valley, CA 93063

2nd Mortgage (Chase)
Chase
Agent for Service of Process
C T CORPORATION SYSTEM
818 WEST SEVENTH ST
LOS ANGELES, CA 90017

FDIC as Receiver of Washington Mutual Bank
1601 Bryan Street
Dallas, TX 75201
Attention: Claims Agent

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

Summons and Notice of Status Conference - *Page 2*                    **F 7004-1**

| In re | |
|---|---|
| **Ventura, Jose Blas, and Maritza Del Carmen** <br> Debtor(s). | CASE NO:  2:10-bk-24850-EC |

CHASE HOME FINACE
PO BOX 24696
COLUMBUS, OH 43224


Chapter 13 Trustee
Kathy A. Dockery
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017

Office of the U.S. Trustee
United States Trustee (LA)
725 S. Figueroa Street, Ste 2600
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy