**KATHY A. DOCKERY**
**CHAPTER 13 TRUSTEE**
**700 S. FLOWER ST., SUITE 1950**
**LOS ANGELES, CA 90017**
**PHONE: (213) 996-4400**
**FAX: (213) 996-4426**

FILED JUL 23 2010 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA Deputy Clerk

Original



ENTERED JUL 23 2010

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

IN RE:

JOSE BLAS VENTURA
MARITZA DEL CARMEN VENTURA

DEBTOR(S).



LODGED JUN 22 2010

CASE NO.: LA10-24850-EC

CHAPTER 13

**ORDER CONFIRMING CHAPTER 13 PLAN**

DATE: July 15, 2010
TIME: 1:30 pm
PLACE: ROYBAL BUILDING
255 EAST TEMPLE STREET
Courtroom 1639 - 16th Floor
LOS ANGELES, CA 90012

The Debtors' original Chapter 13 plan was filed on April 17, 2010.

The original plan was transmitted to the creditors under Bankruptcy Rule 3015. The first meeting of creditors was held on May 24, 2010. The court finds that the original plan meets the requirements of 11 U.S.C. §1325.

IT IS ORDERED THAT:

The Debtors' original plan is interlineated and confirmed with the following provisions:

I. TERMS OF CONFIRMED PLAN

    A. Current Plan Payment: See the attached Plan Payment Register for the monthly plan payment amount and the due dates for each payment during the plan term;

    B. Due Date of Each Payment: 17th;

    C. Plan Term: 60 months;

    D. Base Plan Amount: $39,540.00;

        1. The Debtors are required to pay the full Base Plan Amount prior to discharge of the case. Any tax refunds submitted to the trustee will not reduce the Base Plan Amount.

2. If the Debtors have elected to pay the plan payment via electronic transmission and have possession and control of a bank account, the plan payment shall be electronically deducted from said account. Unless otherwise ordered by the court, any plan payments deducted from a bank account shall be property of the bankruptcy estate upon electronic transmission of the plan payment and the plan payment shall not be subject to refund, cancellation and/or transfer to the Debtors, which includes but is not limited to any rights for refund, cancellation and/ or transfer to the Debtors arising under state law. Should the Trustee incur any additional fees, penalties or expenses due to insufficient funds in the Debtors' bank account, the Trustee is authorized to deduct said fees, penalties or expenses from any future plan payments submitted to the Trustee or from the current balance on hand, if any exists, as a priority administrative expense under 11 U.S.C. Section 507(a)(2)..

3. The Base Plan Amount may be modified under the following circumstances:

   a) If the plan provides for payment of all allowed secured claims, priority claims and 100% of the unsecured claims, the plan may be deemed paid in full prior to payment of the entire Base Plan Amount;

   b) Refinance or sale of property of the estate within the first thirty-six months of the Plan, if the plan provides for payment of all allowed secured claims, priority claims and 100% of the unsecured claims.

   c) Any income increase. An income increase includes but is not limited to any earning increases after the plan is confirmed, income evidenced by proof of income provided to the Trustee prior to or after the plan is confirmed, lottery winnings and/or an inheritance;

   d) Modification of the plan.

4. The Percentage to the Allowed Unsecured Creditors at the time of confirmation is 1.00%. This percentage may be modified if the allowed claims filed by the creditors total less than the amount provided for them in the plan and the plan pays less than 100% to allowed unsecured claims. The Trustee shall disburse said amount in payment of allowed unsecured claims up to payment of 100% thereof. No further notice or hearing is required for the Trustee to adjust the percentage to be paid to allowed unsecured

claims.

5. If the plan is rendered infeasible due to the occurrence of some event which includes but is not limited to the filing of a creditor's claim, the granting of a supplemental fee application or the granting of a detailed fee application, the Trustee shall extend the plan term to the extent necessary to render the plan feasible but in no event shall such extension exceed sixty months. If such extension is required, the Trustee shall notify the Debtor and Debtor's attorney, if applicable, of the length of the modified plan term but no further court order will be required. If the plan remains infeasible even with a plan term extension to sixty months, the Trustee shall notify the Debtor and the Debtor's attorney, if applicable, of the continued infeasibility of the plan.

6. The Trustee shall not disburse or reserve any property of the estate for any secured creditor(s) whose lien(s) is subject to a motion or adversary proceeding to avoid or extinguish the lien(s). The Trustee shall commence disbursing property of the estate to all other creditors of the bankruptcy estate who hold allowed claims upon confirmation of the plan and pursuant to the terms of the confirmed plan.

7. The Trustee's Plan Interlineation Form and the interlineations set forth therein is incorporated herein by reference.

E. The Debtor(s) shall provide properly executed and conformed copies of all required preconfirmation declarations to the Trustee within three (3) calendar days of the hearing date the plan was confirmed in open court. These declarations include but are not limited to the Declaration Setting Forth Postpetition Preconfirmation Deed of Trust Payments; Declaration re: Payment of Domestic Support Obligations; Declaration re: Tax Returns; and the Declaration Setting Forth Postpetition Preconfirmation Payments on 1. Leases of Personal Property 2. Purchase Money Security Liens in Personal Property of Trust Payments.

II. OTHER PROVISIONS:

A. The court retains jurisdiction to hear the Trustee's motion to compel the Debtors to pay all projected disposable income for the applicable commitment period.

B. Each year a case is pending after the confirmation of the plan, the Debtors shall provide to the Trustee: (1) a copy of the Debtors' federal income tax return, (2) any request for extension of the deadline for filing the federal income tax return and (3) copies of forms W-2 and/or 1099 to the Chapter 13 Trustee all within 10 days after the federal income tax return is filed with the Internal Revenue Service.

C. If the Debtors' attorney has not yet submitted to the Trustee an application for fees, no funds will be paid (or set aside for such purpose) until the Trustee receives an entered order approving such fees. Disbursement to other creditors will commence immediately. However, if the Debtors' attorney has filed a Rights and Responsibilities Agreement, the order confirming the plan shall also act as the order approving attorney's fees as disclosed in the Rights and Responsibilities Agreement in the amount of $4,000.00. If a Detailed Fee Application has been approved by the court, the attorney shall be awarded fees as set forth in the Detailed Fee Application and the Chapter 13 plan which are incorporated herein by reference.

D. The Debtors shall pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities, unless otherwise ordered.

E. A payroll deduction order may be issued when the Debtors are in delinquent by one plan payment, unless otherwise provided by the plan. No further declaration or order is required.

F. If the Debtors plan provides for less than a 100% dividend to class five creditors, the Debtors are required to turn over all income tax refunds and economic stimulus payments to the Trustee to the Trustee for the term set forth in the record

G. If the Debtors are self-employed the Debtors shall provide financial statements, including but not limited to bank statements, profit and loss statements, balance sheet, and a cash flow statement for every six (6) months of the plan term.

H. Prior to any discharge or dismissal, the Debtors must seek approval of the court to purchase, sell, or refinance real property.

I. Each year during the pendency of the plan, the Debtors shall file a copy of their federal income

tax return or tax transcript with the Bankruptcy Court within ten days after filing the income tax return with the Internal Revenue Service.

J. Each year during the pendency of the plan, the Debtors shall provide to the Trustee at least 45 days prior to the anniversary date of the entry of the order confirming the plan, a statement, under penalty of perjury, of the income and expenditures of the Debtors for the tax year of the Debtors most recently concluded and of the monthly income of the Debtors that shows how income, expenditures and monthly income are calculated.
The statement shall disclose:

- the amount and sources of the income of the Debtors;
- the identity of any person responsible with the debtor for the support of any dependent of the Debtors; and
- the identity of any person who contributed, and the amount contributed to the household in which the Debtors resides.

K. Before the due date of the last plan payment of the plan or any subsequently modified plan, the Debtors shall complete a personal financial management course from a provider approved by the Office of the United States Trustee;

L. If during the pendency of the plan, the Debtors becomes obligated to pay a domestic support claim, he or she shall provide the following information to the Trustee:

- name, address and telephone number of any domestic support claimant;
- name, address and telephone number of the State child support enforcement agency of such claim.

M. If during the pendency of the plan, the Debtors becomes involved with any proceeding where the Debtors may be convicted of a felony as set forth under 11 U.S.C. §522(q)(1)(A) or the Debtors are involved with any proceeding where the Debtors may be found liable for a debt of the kind described in 11 U.S.C. §522(q)(1)(B), the Debtors shall immediately notify the Trustee in writing of the nature and status of the proceeding.

N.  If the Debtors intend to modify a mortgage which encumbers the Debtors' real property or is in the process of completing a loan modification for a mortgage which encumbers the Debtors' real property, the Debtors shall obtain court authorization prior to completing the loan modification.

O.  If the Debtors' recapitalize the arrearage owed to a creditor whose claim arises from a security interest in real property or otherwise causes the arrearage owed to a creditor whose claim arises from a security interest in real property to be incorporated into the principal balance or recharacterized as interest, fees or any future liability through modification of the existing loan agreement, the Trustee shall be entitled to her statutory fee on said arrearage as an administrative claim in this case.  The Trustee shall be entitled to her statutory fee notwithstanding the filing of an amended claim or modification of the plan by any party in interest.

Dated: JUL 23 2010

Ellen Carroll
United States Bankruptcy Judge

Case 2:10-bk-24850-EC    Doc 22    Filed 07/23/10    Entered 07/23/10 10:05:23    Desc
Main Document    Page 7 of 11

## PLAN PAYMENT REGISTER

| PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | 5/17/10 | $659.00 | 21 | 1/17/12 | $659.00 | 41 | 9/17/13 | $659.00 |
| 2 | 6/17/10 | $659.00 | 22 | 2/17/12 | $659.00 | 42 | 10/17/13 | $659.00 |
| 3 | 7/17/10 | $659.00 | 23 | 3/17/12 | $659.00 | 43 | 11/17/13 | $659.00 |
| 4 | 8/17/10 | $659.00 | 24 | 4/17/12 | $659.00 | 44 | 12/17/13 | $659.00 |
| 5 | 9/17/10 | $659.00 | 25 | 5/17/12 | $659.00 | 45 | 1/17/14 | $659.00 |
| 6 | 10/17/10 | $659.00 | 26 | 6/17/12 | $659.00 | 46 | 2/17/14 | $659.00 |
| 7 | 11/17/10 | $659.00 | 27 | 7/17/12 | $659.00 | 47 | 3/17/14 | $659.00 |
| 8 | 12/17/10 | $659.00 | 28 | 8/17/12 | $659.00 | 48 | 4/17/14 | $659.00 |
| 9 | 1/17/11 | $659.00 | 29 | 9/17/12 | $659.00 | 49 | 5/17/14 | $659.00 |
| 10 | 2/17/11 | $659.00 | 30 | 10/17/12 | $659.00 | 50 | 6/17/14 | $659.00 |
| 11 | 3/17/11 | $659.00 | 31 | 11/17/12 | $659.00 | 51 | 7/17/14 | $659.00 |
| 12 | 4/17/11 | $659.00 | 32 | 12/17/12 | $659.00 | 52 | 8/17/14 | $659.00 |
| 13 | 5/17/11 | $659.00 | 33 | 1/17/13 | $659.00 | 53 | 9/17/14 | $659.00 |
| 14 | 6/17/11 | $659.00 | 34 | 2/17/13 | $659.00 | 54 | 10/17/14 | $659.00 |
| 15 | 7/17/11 | $659.00 | 35 | 3/17/13 | $659.00 | 55 | 11/17/14 | $659.00 |
| 16 | 8/17/11 | $659.00 | 36 | 4/17/13 | $659.00 | 56 | 12/17/14 | $659.00 |
| 17 | 9/17/11 | $659.00 | 37 | 5/17/13 | $659.00 | 57 | 1/17/15 | $659.00 |
| 18 | 10/17/11 | $659.00 | 38 | 6/17/13 | $659.00 | 58 | 2/17/15 | $659.00 |
| 19 | 11/17/11 | $659.00 | 39 | 7/17/13 | $659.00 | 59 | 3/17/15 | $659.00 |
| 20 | 12/17/11 | $659.00 | 40 | 8/17/13 | $659.00 | 60 | 4/17/15 | $659.00 |

| In re: **JOSE BLAS VENTURA** **MARITZA DEL CARMEN VENTURA** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA10-24850-EC** |

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
700 S. Flower Street, Suite 1950
Los Angeles, California 90017

A true and correct copy of the foregoing document described as "**ORDER CONFIRMING CHAPTER 13 PLAN**", will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 7/20/10, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/20/2010 | Perlita Gozun | *Perlita Gozun* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                 F 9013-3.1

Page 7 of 8

| In re: **JOSE BLAS VENTURA**<br>**MARITZA DEL CARMEN VENTURA** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA10-24850-EC** |

## Service List

BAC HOME LOAN SERVICING, L.P.
7105 CORPORATE DRIVE
PLANO, TX 75024

Jose Blas Ventura
Maritza Del Carmen Ventura
1725 E. Almanac Dr
West Covina, CA 91791

L BISHOP AUSTIN & ASSOCIATES
3250 WILSHIRE BLVD
SUITE 1500
LOS ANGELES, CA 90010

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

| In re: **JOSE BLAS VENTURA**<br>**MARITZA DEL CARMEN VENTURA**<br>Debtor(s). | CHAPTER: 13<br>CASE NUMBER: **LA10-24850-EC** |
|---|---|

### NOTE TO USERS OF THIS FORM:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) "**ORDER CONFIRMING CHAPTER 13 PLAN**", was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below

☐ Service information continued on attached page

II. **SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

III. **TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9021-1.1

| In re: **JOSE BLAS VENTURA**<br>**MARITZA DEL CARMEN VENTURA** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA10-24850-EC** |

## Service List

BAC HOME LOAN SERVICING, L.P.
7105 CORPORATE DRIVE
PLANO, TX 75024

Jose Blas Ventura
Maritza Del Carmen Ventura
1725 E. Almanac Dr
West Covina, CA 91791

L BISHOP AUSTIN & ASSOCIATES
3250 WILSHIRE BLVD
SUITE 1500
LOS ANGELES, CA 90010

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9021-1.1**